**IT IS ORDERED as set forth below:**



**Date: November 16, 2017**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 15-61378-WLH |
| | ) | |
| SHEHNAZ ALI VIRANI, | ) | CHAPTER 7 |
| a/k/a Shehnaz Alivirani, | ) | |
| | ) | JUDGE WENDY L. HAGENAU |
| Debtor. | ) | |
| | ) | |
| | ) | |
| GIRISH MODI, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | ADV. PROC. NO. 15-5331 |
| | ) | |
| SHEHNAZ ALI VIRANI, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTIONS FOR SANCTIONS AGAINST DEBTOR**

This case has a long and litigious history which culminated in this Court's Order of July 21, 2017, denying the Debtor a discharge under 11 U.S.C. § 727. Throughout the case, Girish Modi ("Modi") who is the Plaintiff in the adversary proceeding and the Movant in the main case filed four motions for sanctions against the Debtor ("Sanctions Motions"). The Court reserved

1

consideration of the Sanctions Motions until the conclusion of the trial on the Debtor's entitlement to a discharge since the allegations in the Sanctions Motions were much the same as those in the discharge complaint. On August 29, 2017, the Court set down for hearing all of the reserved Sanctions Motions against the Debtor as well as numerous Sanction Motions against the Debtor's attorney and against the Trustee. Even though the Sanctions Motions seek sanctions against more than one person, the Court will rule on the Sanctions Motions by Respondent. This Court has jurisdiction to determine the Sanctions Motions under 28 U.S.C. §§ 1334 and 157 and they are core matters pursuant to 28 U.S.C. § 157(b)(2)(A). See In re Leeds Bldg. Prods., Inc., 181 B.R. 1006, 1007 (Bankr. N.D. Ga. 1995); In re Burke, 281 B.R. 367, 369 (Bankr. S.D. Ala. 2001); In re Brooks-Hamilton, 400 B.R. 238, 244 (B.A.P. 9th Cir. 2009).

## BACKGROUND

The extensive facts in this case are set out in this Court's Order of July 21, 2017 [Docket No. 404] denying the Debtor a discharge ("Discharge Order") and will not be restated here. In general, the Debtor, Shehnaz Ali Virani ("Virani" or "Debtor"), executed a note payable to Modi which was unpaid. Modi obtained a judgment against Virani. She filed a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code on June 19, 2015, originally *pro se*. Counsel Evan Altman appeared on her behalf on July 6, 2015. Modi filed a motion to dismiss her bankruptcy case on which the Court heard evidence on September 21, 2015. The Court subsequently entered an Order on October 15, 2015, denying the motion to dismiss ("Section 707 Order") under both 11 U.S.C. §§ 707(a) and 707(b). In the meantime, Modi filed a complaint against the Debtor on August 21, 2015, alleging her discharge should be barred under Section 727. The complaint was amended four times; the parties had numerous discovery disputes; and the Court ultimately entered orders sanctioning both the Debtor and Modi on October 31, 2016

[Docket Nos. 275 and 277] for discovery abuses. After four days of trial and argument, the Court entered the Discharge Order, finding that the Debtor made numerous false statements and omissions in her Schedules, Statement of Financial Affairs, and in court proceedings. The Court concluded, "Given the number of mistakes, the obvious nature of many of the mistakes, and the Debtor's and her husband's history of making misrepresentations, the Court concludes the Debtor's omissions and misstatements were made with a reckless indifference to the truth sufficient to constitute the requisite fraudulent intent for denying her a discharge under Section 727. Debtor's discharge is denied under 11 U.S.C. § 727(a)(4)." The Court has entered an order on November 15, 2017, on Plaintiff's Motion for Award of Costs of Litigation as amended, awarding Plaintiff $488.18 in costs and expenses.

## PENDING MOTIONS

Modi filed four Sanctions Motions with regard to the Debtor:

*Plaintiff's Motion for Sanctions against Respondents Shehnaz Ali Virani and Evan Altman* [AP Docket No. 206] filed August 23, 2016.

In this Sanctions Motion, Modi asks the Court to sanction the Debtor under Fed. R. Bankr. P. 9011 and its inherent authority on the basis that the "Debtor has engaged in conduct that was intended to prolong, confuse and frustrate him from pursuing his collection remedies". Modi also contends the Debtor committed perjury during the September 21, 2015, evidentiary hearing on the Motion to Dismiss and fraud on the Court through her testimony.

*Plaintiff's Additional Grounds for Sanctions of Defendant and her Attorney Regarding the Discovery* [AP Docket No. 223] filed September 6, 2016.

In this Sanctions Motion, Modi asks the Court to sanction the Debtor with respect to discovery deficiencies, specifically her alleged failure to provide responsive documents to various document requests.

3

*Motion for Sanctions against Respondent Shehnaz Ali Virani, Evan M. Altman and Chapter 7 Trustee Dale R.F. Goodman* [Bankr. Docket No. 170] filed August 24, 2016.

This Sanctions Motion is the companion to AP Docket No. 206 wherein Modi asks the Court to exercise authority under Fed. R. Bankr. P. 9011 and its inherent authority to sanction the Debtor. Modi again contends "the Debtor has filed her petition and Schedules with the motive not only to harass and delay [the creditors] … but also to defraud the bankruptcy court by abusing the bankruptcy code." In this Sanctions Motion, Modi points to the Debtor's failure to originally schedule ownership in a 2005 Honda Odyssey and to her false testimony regarding her ownership of the vehicle at the September 21, 2015, hearing on the Motion to Dismiss.

*Plaintiff's Motion for Disclosure Sanctions against Shehnaz Ali Virani and Evan Altman Pursuant to Bankruptcy Rules 9011 and 7026(g)* [Bankr. Docket No. 179] filed September 23, 2016.

In this Sanctions Motion, Modi alleges that "Debtor was not honest and truthful in full disclosure of her assets, liabilities and financial condition". He also alleges that she testified falsely at the September 21, 2015, evidentiary hearing on the Motion to Dismiss and that her response to discovery requests was "dilatory and abusive". He asks the Court to use its authority under Fed. R. Bankr. P. 9011 and inherent power "under 28 U.S.C. § 1927".

The sanctions sought in the Sanctions Motions include a request for money and a dismissal of the Debtor's bankruptcy petition with a bar to refiling for five years.

## LEGAL ANALYSIS

*Rule 9011*

Each of the Sanctions Motions asks the Court to exercise its authority under Fed. R. Bankr. P. 9011 to sanction the Debtor. The section provides that, "[b]y presenting to the Court … a petition, pleading, written motion or other paper" the attorney or the client is certifying to the best of that person's knowledge, information and belief, "formed after an inquiry reasonable under the circumstances" that the paper is not being presented for any improper purpose, that the claims, defenses and other legal contentions are warranted by existing law, and that the allegations and other factual contentions have evidentiary support. The procedure for obtaining

4

sanctions under Rule 9011 is set out in the Rule. It requires that a motion for sanctions only be filed after the motion has been served on the party sought to be charged and the passage of 21 days so long as "the challenged paper, claim, defense, contention, allegation or denial is not withdrawn or appropriately corrected." Fed. R. Bankr. P. 9011(c)(1)(A). This provision is frequently referred to as the safe harbor provision and permits the challenged party to correct the errors before being sanctioned. No sanctions can be awarded if the motion is filed before the expiration of the 21-day safe harbor provision. See Gwynn v. Walker (In re Walker), 532 F.3d 1304, 1308 (11th Cir. 2008).

Here, Modi makes four primary contentions with respect to the Debtor: (i) she omitted to schedule the Honda Odyssey in her initial Schedules, (ii) she testified falsely regarding the ownership of the Honda Odyssey at the September 2015 evidentiary hearing, (iii) the Debtor's pursuit of this case was to prolong, confuse and frustrate Modi from collecting his debt, and (iv) the Debtor abused the discovery process. The Court notes that the earliest Sanction Motion against the Debtor was filed August 23, 2016, which was after the Debtor amended her Schedule B on February 26, 2016, to reflect correctly her ownership interest in the Honda Odyssey. The purpose of the safe harbor provision is to provide the challenged party with the opportunity to correct any mistakes. Since the Debtor corrected the erroneous information regarding ownership of the car, a Rule 9011 sanction is not appropriate with respect to that statement.

Secondly, the Court explained above that it has already sanctioned the Debtor and Modi for discovery abuses in its orders of October 31, 2016. Moreover, Fed. R. Bankr. P. 9011(d) states that it does not apply "to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rule 7026 – 7037". Thus, to the extent Modi is seeking sanctions under Rule 9011 related to discovery abuses, it is not appropriate.

5

Third, Modi argues that the prosecution of the entire bankruptcy case was for the purpose of frustrating his ability to collect the debt. This allegation was addressed by the Court in the Section 707 Order. The Court found there was a proper purpose for the Debtor filing the bankruptcy petition and that seeking to avoid the payment of debts is not an improper purpose for such a filing.

Last, Modi focuses on the Debtor's false testimony at the September 2015 hearing regarding the ownership of the vehicle. It is not clear that Rule 9011 is the appropriate vehicle for addressing this false testimony. Rule 9011 contemplates providing parties an opportunity to correct their errors before a motion for sanctions is filed. The testimony had occurred almost one year before the first Sanctions Motion was filed.

Nonetheless, the Court did find in the Discharge Order that the Debtor made numerous false oaths with such a high degree of recklessness as to indicate intent to deceive. While this finding may be sufficient to support a conclusion that the Debtor has violated Rule 9011(b), the award of sanctions is discretionary with the Court. Sanctions are not mandatory even if the court determines that Bankruptcy Rule 9011 has been violated. In re Muma Servs., Inc., 279 B.R. 478, 491 (Bankr. D. Del. 2002); In re Am. Telecom Corp., 319 B.R. 857, 873 (Bankr. N.D. Ill. 2004).

Further, if sanctions are appropriate, the nature of the sanctions is within the Court's discretion. Rule 9011 itself states that any sanction "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated". Fed. R. Bankr. P. 9011(c)(2). Even though monetary sanctions can be awarded, a *pro se* litigant, such as Modi, cannot be awarded attorney's fees as a sanction. Massengale v. Ray, 267 F.3d 1298, 1303 (11th Cir. 2001). Courts may consider a variety of factors in determining the appropriate sanction including the procedural posture of the case, the amount needed to deter similar activity by other

litigants, the nature of the litigation, and the ability of the sanctioned party to pay. See Colorado Chiropractic Council v. Porter Mem'l Hosp., 650 F. Supp. 231, 243 (D. Colo. 1986); In re Am. Telecom Corp., 319 B.R. at 873; Fed. R. Bankr. P. 9011 advisory committee's note to 1983 amendment. In choosing a sanction "the least severe sanction [that is] adequate to serve the purpose should be imposed." Cabell v. Petty, 810 F.2d 463, 466 (4th Cir. 1987). Here, the Debtor has already been sufficiently sanctioned for all of the actions of which Modi complains. The Debtor's discharge has been denied, the costs of the action have been added to her liability, and she has been sanctioned for discovery abuses. The Debtor is a below median income debtor, and not an affluent debtor hiding assets. The Court finds that, even if the Debtor's actions violate Rule 9011(b) and that sanctions are appropriate, the sanctions already imposed are sufficient and no additional sanctions are necessary.

*Inherent Authority*

Modi also asks the Court to exercise its inherent authority to sanction the Debtor for her conduct in this case. "The inherent authority of the federal courts to impose fee-based sanctions upon attorneys and parties for bad faith litigation conduct was recognized by the United States Supreme Court in Chamber v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed. 2d 27 1991." Cochran v. Reath (In re Reath), 2006 WL 3524458 at *6 (Bankr. D. N.J. Dec. 6, 2006). See Glatter v. Mroz (In re Mroz), 65 F.3d 1567, 1575 (11th Cir. 1995); Gwynn v. Walker, 532 F.3d at 1309. In order to impose sanctions under the court's inherent power, the court must find bad faith. "A finding of bad faith is warranted where an attorney [or party] knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." Ginsberg v. Evergreen Sec., Ltd. (In re Evergreen

7

Sec., Ltd.), 570 F.3d 1257, 1273-74 (11th Cir. 2009). The Supreme Court has warned, however, that "because of their very potency, inherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process". Chambers, 501 U.S. at 44-45.

As the Court described above, it has found the Debtor made false oaths in the bankruptcy case and they were made with such a reckless indifference to the truth that it was sufficient to constitute the requisite fraudulent intent for denying her a discharge under Section 727. Such false statements may provide a basis for sanctions under the Court's inherent authority. Recognizing the caution to be used in fashioning an appropriate sanction, however, the Court notes it has already denied the Debtor a discharge, charged her with costs and sanctioned her for discovery abuses. The Court notes that while it is confident in its result of denying the Debtor a discharge, that result occurred because of an accumulation of false oaths made by the Debtor, no single one of which would have been sufficient to deny her a discharge. This is not a case of such egregious intentionality as to warrant additional sanctions. The Court believes the sanction of denying the Debtor a discharge which is provided by the Bankruptcy Code, together with the other orders that have been entered in this case, are sufficient to sanction the Debtor for her lack of truthfulness in the bankruptcy case.

## CONCLUSION

For the foregoing reasons, the Court finds that the sanction of denying the Debtor a discharge, charging costs against her, and entering prior orders regarding discovery abuses are sufficient sanctions for the Debtor's behavior and no further sanctions are appropriate under Fed. R. Bankr. P. 9011 or this Court's inherent authority.

### ### END OF ORDER ###

**DISTRIBUTION LIST**

Shehnaz Ali Virani
2030 Atkinson Park Drive
Lawrenceville, GA 30043

Evan M. Altman
Building 2
8325 Dunwoody Place
Atlanta, GA 30350-330

Dale R. F. Goodman
Chapter 7 Trustee
3833 Roswell Road, Suite 106
Atlanta, GA 30342

Mr. Girish Modi
3224 River Mist Cove
Decatur, GA 30034