**IT IS ORDERED as set forth below:**

**Date: November 16, 2017**



_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 15-61378-WLH |
| ) | |
| SHEHNAZ ALI VIRANI, ) | CHAPTER 7 |
| a/k/a Shehnaz Alivirani, ) | |
| ) | JUDGE WENDY L. HAGENAU |
| Debtor. ) | |
| ) | |
| ) | |
| GIRISH MODI, ) | |
| ) | |
| Movant. ) | |
| ) | |
| v. ) | CONTESTED MATTER |
| ) | |
| DALE R.F. GOODMAN, ) | |
| ) | |
| Respondent. ) | |

**ORDER ON PLAINTIFF'S MOTIONS FOR SANCTIONS
AGAINST DALE R.F. GOODMAN**

This case has a long and litigious history which culminated in this Court's Order of July 21, 2017, denying the Debtor a discharge under 11 U.S.C. § 727. Throughout the case, Girish Modi ("Modi") who is the Plaintiff in the adversary proceeding and the Movant in the main case filed two motions for sanctions ("Sanctions Motions") against Ms. Goodman, the Chapter 7

1

Trustee ("Ms. Goodman" or "Trustee"). The Court reserved consideration of the Sanctions Motions until the conclusion of the trial on the Debtor's entitlement to a discharge since the allegations in the Sanctions Motions depended in part on the outcome of the discharge complaint. On August 29, 2017, the Court set down for hearing all of the reserved Sanctions Motions against Ms. Goodman as well as numerous Sanction Motions against the Debtor's attorney and against the Debtor. Although the Sanctions Motions seek sanctions against more than one person, the Court will rule on the Sanctions Motions by Respondent. This Court has jurisdiction to determine the Sanctions Motions under 28 U.S.C. §§ 1334 and 157 and they are core matters pursuant to 28 U.S.C. § 157(b)(2)(A). See In re Leeds Bldg. Prods., Inc., 181 B.R. 1006, 1007 (Bankr. N.D. Ga. 1995); In re Burke, 281 B.R. 367, 369 (Bankr. S.D. Ala. 2001); In re Brooks-Hamilton, 400 B.R. 238, 244 (B.A.P. 9th Cir. 2009).

## BACKGROUND

The extensive facts in this case are set out in this Court's Order of July 21, 2017 [Docket No. 404] denying the Debtor a discharge and will not be restated here. In general, the Debtor, Shehnaz Ali Virani ("Virani" or "Debtor"), executed a note payable to Modi which was unpaid. Modi obtained a judgment against Virani. She filed a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code on June 19, 2015, originally *pro se*. Ms. Goodman was appointed trustee. Counsel Evan Altman appeared on the Debtor's behalf on July 6, 2015. Modi filed a motion to dismiss the Debtor's bankruptcy case on which the Court heard evidence on September 21, 2015. The Court subsequently entered an Order on October 15, 2015, denying the motion to dismiss ("Section 707 Order"). The Court found the dismissal was improper under both 11 U.S.C. §§ 707(a) and 707(b). In the meantime, Modi filed a complaint against the Debtor on August 21, 2015, alleging her discharge should be barred under Section 727. The complaint was amended four times; the parties had numerous discovery disputes; and the Court

2

ultimately entered orders sanctioning both the Debtor and Modi on October 31, 2016 [Docket Nos. 275 and 277] for discovery abuses. After four days of trial and argument, the Court entered the order denying debtor a discharge ("Discharge Order") on July 21, 2107, finding that the Debtor made numerous false statements and omissions in her Schedules and Statement of Financial Affairs and in court proceedings. The Court concluded, "Given the number of mistakes, the obvious nature of many of the mistakes, and the Debtor's and her husband's history of making misrepresentations, the Court concludes the Debtor's omissions and misstatements were made with a reckless indifference to the truth sufficient to constitute the requisite fraudulent intent for denying her a discharge under Section 727. Debtor's discharge is denied under 11 U.S.C. § 727(a)(4)." The Court entered an order on November 15, 2017, on Plaintiff's Motion for Award of Costs of Litigation as amended, awarding Plaintiff $488.18 in costs and expenses.

## PENDING MOTIONS

Modi filed two Sanctions Motions with regard to the Trustee:

*Notice of Intent to Seek Rule 9011 Sanctions* [Bankr. Docket No. 70] filed November 2, 2015.

This pleading is styled as the Notice of Intent to Seek Rule 9011 Sanctions, not as the actual motion itself. Giving Modi the benefit of the doubt, the Court will construe it as a motion seeking Rule 9011 sanctions against the Trustee and Debtor's attorney. In it, Modi lays out the grounds for imposing sanctions. It is Modi's position that the Trustee did not sufficiently review and investigate the Debtor's bankruptcy petition, Schedules and Statement of Financial Affairs because if she had, the Trustee would have found all of the inconsistencies and falsities which Modi discovered.

*Motion for Sanctions against Respondent Shehnaz Ali Virani, Evan M. Altman and Chapter 7 Trustee Dale R.F. Goodman* [Bankr. Docket No. 170] filed August 24, 2016.

In this Sanctions Motion, Modi again complains the Trustee did not conduct a thorough examination of the Debtor's assets and liabilities. He contends that if the Trustee had been more thorough, he would not have been required to spend the time and effort on the examination of the Debtor's financial affairs. In this motion, he asks the Court to reprimand the Trustee, and suggests a monetary fine of $1,000 and referral to the U.S. Trustee for additional disciplinary actions.

3

Ms. Goodman, as Chapter 7 Trustee, conducted the Section 341 meeting ("341 Meeting") on July 27, 2015. This meeting is open for attendance by all creditors. At this meeting, Ms. Goodman asked the Debtor to clarify and correct the spelling of her name and whether she had a prior bankruptcy case. Ms. Goodman also asked the Debtor if she had personally read the Schedules and Statement of Financial Affairs, if she was personally familiar with them, and were they true and correct. The Debtor answered yes to all of those questions. Ms. Goodman asked the Debtor if she had listed everything she owned and identified all of her creditors in her Schedules. The Debtor answered yes. Ms. Goodman asked about the Debtor's employment and whether anyone owed the Debtor any money. Ms. Goodman referenced at the 341 Meeting that she had reviewed Modi's Motion to Dismiss which was filed by that time. Ms. Goodman asked the Debtor various questions about it, including whether she had any ownership interest in S.H. Mart or had ever been a part of the business, or invested any money in it, or loaned any money to it. The Debtor answered no to all of those questions. Ms. Goodman also noted she had been presented that day with a copy of the Debtor's 2014 tax return. Based on the evidence presented at the trial on the Debtor's discharge, the amount of the tax refund reflected on the return was $4,388. The return was a joint return with the Debtor's husband, who at the time of the 341 Meeting was also a debtor in a separate case.

Modi was not present at the Debtor's 341 Meeting and therefore did not ask any questions. He was, however, apparently present at the 341 meeting conducted by the Chapter 13 Trustee of Mr. Virani. Modi alleges that the 341 meeting conducted by the Chapter 13 Trustee of Mr. Virani lasted an hour while the 341 Meeting conducted by the Chapter 7 Trustee of Mrs. Virani last less than 10 minutes.

4

On January 7, 2016, Modi sent an email to Ms. Goodman asking for her support in his objection to the Debtor's discharge which had already been filed. On January 8, 2016, Ms. Goodman responded in writing declining to join him in the discharge action.

On September 26, 2016, Modi sent a letter to the United States Trustee asking the United States Trustee to review Ms. Goodman's actions and to have her removed. In it, he specifically complained about Ms. Goodman's limited questioning at the 341 Meeting. He complained that she did not ask about the Debtor's tax refund or about whether she owned a car. At the hearing on the Sanction Motions, the attorney for the United States Trustee appeared and stated the United States Trustee conducted a review of Ms. Goodman's actions in this case in response to Modi's letter and found that no actions or removal of Ms. Goodman were necessary.

Modi contends Ms. Goodman did not do her job as Chapter 7 Trustee. He complains she did not investigate the Debtor's Schedules and Statement of Financial Affairs so as to uncover all of the inconsistencies which ultimately led to the denial of her discharge. He complains she did not ask the Debtor about ownership of a car or the tax refund that was indicated in the tax return which Ms. Goodman reviewed at the 341 Meeting. Modi also complains Ms. Goodman did not clarify whether the Debtor was a "consumer" or "non-consumer" debtor. He compares Ms. Goodman's 341 Meeting to that conducted by the Chapter 13 Trustee of Mr. Virani. But Modi is most critical of Ms. Goodman's failure to join with him in objecting to the Debtor's discharge and in failing to help him achieve that goal.

## LEGAL ANALYSIS

*Rule 9011*

Each of the Sanctions Motions directs the Court to use Fed. R. Bankr. P. 9011 as the basis to sanction the Trustee. The section provides that, "[b]y presenting to the Court … a petition, pleading, written motion or other paper" the attorney or the client is certifying to the

5

best of that person's knowledge, information and belief, "formed after an inquiry reasonable under the circumstances" that the paper is not being presented for any improper purpose, that the claims, defenses and other legal contentions are warranted by existing law, and that the allegations and other factual contentions have evidentiary support. The procedure for obtaining sanctions under Rule 9011 is set out in the Rule. It requires that a motion for sanctions only be filed after the motion has been served on the party sought to be charged and the passage of 21 days so long as "the challenged paper, claim, defense, contention, allegation or denial is not withdrawn or appropriately corrected." Fed. R. Bankr. P. 9011(c)(1)(A). This provision is frequently referred to as the safe harbor provision and permits the challenged party to correct the errors before being sanctioned. No sanctions can be awarded if the motion is filed before the expiration of the 21-day safe harbor provision. See Gwynn v. Walker (In re Walker), 532 F.3d 1304, 1308 (11th Cir. 2008).

    Rule 9011 does not fit squarely with Modi's contentions. Rule 9011 provides a basis for sanctioning an attorney or a party who files a pleading or paper with the court or advocates a position which is not warranted, not supported by the evidence, or pursued for an improper purpose. Instead, Modi's complaints against the Trustee are really complaints of omission – that the Trustee failed to investigate properly, failed to identify the inconsistencies justifying denying the Debtor's discharge, and failed to join with him in objecting to her discharge. In reviewing the case, the only pleading filed or position advocated by the Trustee was her Report of No Distribution which was filed on July 28, 2015, after the 341 Meeting. This report filed by the Trustee states that she finds there to be insufficient assets with which to make a distribution to creditors. The evidence does not support any finding that this Report of No Distribution is improper in any way.

6

Rule 9011 requires that the information provided the Court be warranted and supported by the evidence "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances". Fed. R. Bankr. P. 9011(a). "Accordingly, the court's inquiry should only focus on the merits of the pleading gleaned from the facts and law known or available to the attorney at the time of filing." Glatter v. Mroz (In re Mroz), 65 F.3d. 1567, 1572 (11th Cir. 1995) (cites omitted). "The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Souran v. Travelers' Ins. Co., 982 F.2d 1497, 1507, n. 12 (11th Cir. 1993) (citing Advisory Committee Note to Rule 11). Moreover, the Eleventh Circuit has held that Rule 11, which was incorporated into Fed. R. Bank. P. 9011, "does not impose a 'continuing obligation' on a party to amend a complaint, so long as, at the very least, the complaint was reasonably interposed in the first place." Mroz, 65 F.3d at 1572. Based on all of the evidence available to the Trustee at the time, the Court sees no basis for the Trustee reaching any conclusion other than there were no assets to be distributed to creditors. In fact, even after all of the litigation in this case, including denying the Debtor a discharge, no assets are available for distribution to unsecured creditors. That is because the assets of the Debtor, even those not disclosed, had no net value for distribution. Thus, the Court concludes the Trustee did not violate Rule 9011 in filing her Report of No Distribution.

Even if this Court found the Trustee violated Rule 9011(b), the award of sanctions is discretionary with the Court. In re Muma Servs., Inc., 279 B.R. 478, 491 (Bankr. D. Del. 2002); In re Am. Telecom Corp., 319 B.R. 857, 873 (Bankr. N.D. Ill. 2004). Further, if sanctions are appropriate, the nature of the sanctions is within the Court's discretion. The Rule itself states that any sanction "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated". Even though monetary sanctions can be

7

awarded, a *pro se* litigant, such as Modi, cannot be awarded attorney's fees as a sanction. Massengale v. Ray, 267 F.3d 1298, 1303 (11th Cir. 2001). Courts may consider a variety of factors in determining the appropriate sanction including the procedural posture of the case, the amount needed to deter similar activity by other litigants, the nature of the litigation, and the ability of the sanctioned party to pay. See Colorado Chiropractic Council v. Porter Mem'l Hosp., 650 F. Supp. 231, 243 (D. Colo. 1986); In re Am. Telecom Corp., 319 B.R. at 873; Fed. R. Bankr. P. 9011 advisory committee note to 1983 amendment. In choosing a sanction "the least severe sanction [that is] adequate to serve the purpose should be imposed." Cabell v. Petty, 810 F.2d 463, 466 (4th Cir. 1987). The Court notes that Ms. Goodman, as Chapter 7 Trustee, receives only $60.00 in compensation for serving as trustee in a no-asset Chapter 7 case. 11 U.S.C. § 330(b)(1)(2). The Court has concluded that under no circumstances was this bankruptcy one with assets. The amount of time expended by Ms. Goodman in replying to the Sanctions Motions and in attending hearings thereon as well as attending numerous other hearings in this case, for which she received no compensation, is more than an adequate sanction for any violation of Fed. R. Bankr. P. 9011.

*Inherent Authority*

It is not clear if Modi also asks the Court to exercise its inherent authority to sanction the Trustee for her conduct in this case. "The inherent authority of the federal courts to impose fee-based sanctions upon attorneys and parties for bad faith litigation conduct was recognized by the United States Supreme Court in Chamber v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed. 2d 27 1991." Cochran v. Reath (In re Reath), 2006 WL 3524458 at *6 (Bankr. D. N.J. Dec. 6, 2006). See Mroz, 65 F.3d at 1575; Walker, 532 F.3d at 1309. In order to impose sanctions under the court's inherent power, the court must find bad faith. "A finding of bad faith is warranted where an attorney [or party] knowingly or recklessly raises a frivolous argument, or

8

argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." Ginsberg v. Evergreen Sec., Ltd. (In re Evergreen Sec., Ltd.), 570 F.3d 1257, 1273-74 (11th Cir. 2009). The Supreme Court has warned, however, that "because of their very potency, inherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process". Chambers, 501 U.S. at 44-45.

The Court finds no evidence that the Trustee acted in bad faith. The Trustee asked the Debtor about her assets and liabilities and the Debtor falsely testified the Schedules were correct. The Trustee reviewed the tax return of the Debtor at the 341 Meeting and obviously saw the refund of $4,388. But the Trustee would also have seen that the tax return was a joint filing, and she would also have noted the unused exemption by the Debtor sufficient to exempt the full amount of the tax refund. (See this Court's Order of November 15, 2017 [Bankr. Docket No. 222]). The Court notes Ms. Goodman could have asked the Debtor about whether she owned any vehicles since none were identified in her Schedules. But we know from the Debtor's testimony only two months later in September 2015 that she testified she had no car because she believed the car was in her son's name. There is no reason to believe or expect the Debtor would have testified at the 341 Meeting that she owned a car. The Trustee did ask the Debtor if she had identified all of her property and the Debtor said yes. Finally, the Court notes there was no net value in the unlisted car because, even though the Debtor owned it, the loan on the car was owed by the Debtor's son and fully encumbered the value of the car.

The role of the trustee is to collect and liquidate the property of the estate and distribute the proceeds to creditors. The Handbook for Chapter 7 Panel Trustees, Department of Justice (Oct. 1, 2012) ("Handbook") provides,

9

> A chapter 7 case must be administered to maximize and expedite dividends to creditors. A trustee shall not administer an estate or an asset in an estate where the proceeds of liquidation will primarily benefit the trustee or the professionals, or unduly delay the resolution of the case. The trustee must be guided by this fundamental principle when acting as trustee. Accordingly, the trustee must consider whether sufficient funds will be generated to make a meaningful distribution to unsecured creditors, including unsecured priority creditors, before administering a case as an asset case.

Handbook, p. 4-1. Considering the Trustee's duties and the directions provided to trustees by the Handbook, the numerous questions asked by the Trustee at the 341 Meeting, the Court does not find the Trustee acted in bad faith. None of the actions Modi contends the Trustee should have taken would have resulted in a distribution to creditors. No basis exists for exercising the Court's inherent authority to sanction Ms. Goodman.

*Other Complaints*

Finally, Modi believes Ms. Goodman should have joined him in opposing the Debtor's discharge and helped him with the case, particularly since he was *pro se*. The Trustee's duties are set out in 11 U.S.C. § 704 and include the obligation to … "if advisable, oppose the discharge of the debtor". The Handbook addresses this issue further. It provides, "To determine if it is advisable to oppose the debtor's discharge, the trustee must consider the costs of the litigation, the amount of estate funds available, the benefit to creditors of a denial of the discharge, and the likelihood of success." Handbook, p. 4-29. Here, the costs of litigating the Debtor's discharge would have been significant given the numerous amended complaints and discovery issues, and the four days of trial and argument. The estate had no funds with which to pay the Trustee or an attorney for the Trustee. The Trustee and the estate would not have benefitted from the denial of the Debtor's discharge. Finally, Modi had already filed the objection to discharge and the litigation was well underway. The Court concludes the Trustee did not have an obligation under these facts to join with Modi in objecting to the Debtor's discharge or to assist Modi in that endeavor.

Modi complains that Ms. Goodman conducted only a five-minute 341 Meeting while the Chapter 13 Trustee's 341 meeting of Mr. Virani was an hour long. The purposes of a Chapter 13 trustee and a Chapter 7 trustee are different; the purposes of a Chapter 13 case and a Chapter 7 case are different; and the purpose of a 341 meeting in a Chapter 13 case is different from that of a 341 meeting in a Chapter 7 case. In a Chapter 13 case, the trustee is interested not only in the historical information about a debtor but also the likelihood of future income and being able to propose a feasible plan. The Chapter 13 trustee must ascertain whether all of a Chapter 13 debtor's "projected disposable income" is being paid into the plan. Those are simply not issues for a Chapter 7 trustee to investigate.

Having reviewed the 341 Meeting recording, the Court finds that Ms. Goodman asked the mandatory questions of the Debtor. She also asked questions of the Debtor based on Modi's Motion to Dismiss, including questions about specific creditors, about the Debtor's employment, and about her relationship with S.H. Mart. Modi could have attended the 341 Meeting of the Debtor and asked other questions the Trustee did not ask. He chose not to do so, and his complaint about Ms. Goodman's actions at the 341 meeting do not form a basis for sanctions.

### CONCLUSION

For the foregoing reasons, the Court finds the Trustee did not violate Fed. R. Bankr. P. 9011 and no basis exists under the Federal Rules of Bankruptcy Procedure or this Court's inherent authority to sanction her for her actions in this case.

### ### END OF ORDER ###

**DISTRIBUTION LIST**

Shehnaz Ali Virani
2030 Atkinson Park Drive
Lawrenceville, GA 30043

Evan M. Altman
Building 2
8325 Dunwoody Place
Atlanta, GA 30350-330

Dale R. F. Goodman
Chapter 7 Trustee
3833 Roswell Road, Suite 106
Atlanta, GA 30342

Mr. Girish Modi
3224 River Mist Cove
Decatur, GA 30034